IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| CARLA D. LaRUE | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-511 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

Plaintiff filed the above-styled and numbered civil action pursuant to the Social Security Act, Section 205(g), for judicial review of the Commissioners's denial of her application for Social Security benefits. The cause of action was referred to United States Magistrate Judge Roy S. Payne, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the complaint be dismissed. Plaintiff has filed written objections.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Plaintiff reasserts her contentions from her briefs in her objections. She first contends that the Magistrate Judge was incorrect that the Administrative Law Judge's ("ALJ") assessment of Plaintiff's residual functional capacity ("RFC") included a sufficient statement as to her ability in social functioning. However, as the Magistrate Judge pointed out, even if the RFC assessment did not include a sufficiently robust limitation as to social functioning, it was nonetheless harmless error. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). That is because, even if one of the jobs the ALJ identified Plaintiff as capable of performing ("Cashier II") might require a degree of social functioning based on its Dictionary of Occupational Titles ("DOT") code number (*see* DICOT

211.462-010, 1991 WL 671840 (G.P.O.)), the other identified job ("Marker") does not (*see* DICOT 209.587-034, 1991 WL 671802 (G.P.O.)).

Plaintiff then attacks that reasoning, citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00(h)(3) as requiring consideration of the extent of the erosion of the occupational base and that simply identifying one job "*may* not be sufficient to support the ALJ's decision." Objections at 3 (emphasis added). Equivocation aside, as the Commissioner points out (Comm'r Response to Objections at 3-4), § 201.00 only applies to sedentary work; the ALJ determined that Plaintiff's RFC allows her to perform light work and, indeed, the job of Marker requires the ability to perform light, not sedentary, work. *See* DICOT 209.587-034, 1991 WL 671802. Therefore, the argument is inapplicable. Moreover, Plaintiff has offered nothing in support of her contention that a solitary job "may not" be sufficient to support the ALJ's decision. In contrast, as the Magistrate Judge pointed out, "The Commissioner's burden at Step Five is satisfied by showing the existence of only one job with a significant number of available positions that the claimant can perform. *See Gaspard v. Soc. Sec. Admin. Comm'r*, 609 F. Supp. 2d 607, 617 (E.D. Tex. 2009) (citing *Evans v. Chater*, 55 F.3d 530, 532-33 (10th Cir. 1995))." Report and Recommendation at 15. The Magistrate Judge is correct. Further, Plaintiff did not contend in her briefs that the Marker job did not have a significant number of available positions; her equivocal, and unsupported, arguments in her objections do not change that fact.

Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections of Plaintiff are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 29th day of July, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE